**T.I.M.E. FREIGHT, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CA 5–486.**

United States District Court
N. D. Texas,
Lubbock Division.

April 17, 1969.

See also D.C., 302 F.Supp. 573.

W. D. Benson, Jr., and Frank M. Garrison, Lubbock, Tex., for plaintiff.

Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Plaintiff, T.I.M.E. Freight, Inc., brings suit against the defendant, the United States of America, for an indebtedness arising out of contracts (Government Bills of Lading) for the transportation of Class A Explosives from Mare Island, California, to Earle, New Jersey.

A Stipulation of Facts was filed by the parties and all counsel have agreed that this Court will determine the case upon these stipulations and without further hearing. The Stipulation of Facts is here adopted as the Findings of Fact by this Court and here ordered to be filed as such.

It was agreed that the example given in Stipulation 2 was representative of all the items sued upon, and the decision on this example would be controlling on all of the items.

There was no through single factor rate on the shipment of the Class A explosives, and a combination of rates must be used, to-wit, Rocky Mountain Motor Freight Tariff from origin to Colt's Neck, New Jersey, and Middle Atlantic Conference beyond Colt's Neck, New Jersey to destination.

Further, the parties agreed that Rocky Mountain Tariff 21–B provides the correct rate from origin to Colt's Neck, New Jersey, and that this rate is subject to a minimum charge named in Item 932 of Rocky Mountain Tariff 20–E, which reads in part as follows:

"Except as provided in NOTE 1 below, the minimum charge on any shipment containing Class A or B Explosives, as described in American Trucking Associations, Inc., Agent, Explosives and Dangerous Articles Tariff 11, MF–ICC 12, revisions thereto or successive issues thereof, moving under rates named in tariffs made subject to this tariff, will be the charge for 7,500 pounds at the LTL or AQ rate applying to the highest rated Class A or B explosive in the shipment.

"Note 1:—On traffic which moves from origin to destination via any one of the carriers shown below, or via any combination of carriers shown below, the minimum charge on any shipment containing Class A or B explosives, as described in American Trucking Associations, Inc., Agent Explosives and Dangerous Articles Tariff 11, MF–ICC 12, revisions thereto or successive issues thereof, moving under rates named in tariffs made subject to this tariff, will be the charge for 1,000 pounds at the LTL or AQ rate applying to the highest rated Class A or B explosive in the shipment:"

The question presented for decision here is whether plaintiff can charge the defendant at a rate based on a 7500 lb. minimum from Mare Island, California, to Colt's Neck, New Jersey, as plaintiff contends, or if a 1000 lb. minimum is applicable as contended by defendant. This question arises because the ship-

ments were less-than-truck loads. There is no question about the charges from Colt's Neck, New Jersey, to Earle, New Jersey.

It is undisputed that all of the carriers in the route movement from Mare Island, California, to Earle, New Jersey, were carriers listed in Note 1.

Defendant will prevail on the lower rate if Note 1 in Item 932 is controlling. However, if Note 1 conditions are not met, plaintiff will prevail and the higher charge, based on a 7500 lb. minimum as provided in the first paragraph of Item 932, will be allowed.

The exception to Item 932, provided for in Note 1, is limited by at least two conditions. Unless the fact situation presented meets such conditions, the higher minimum will prevail. However, if the conditions are each fulfilled, then the defendant-government can only be charged at the lower minimum rate, and hence receive the benefits of a reduced charge from plaintiff.

## CONCLUSIONS OF LAW

### I.

■ In construing motor freight tariffs, a question of law is presented. Effect must be given in such construction to all of the pertinent provisions, and every word, clause and sentence must be given effect and construed together. United States v. Missouri, Kansas & Texas Railway Company, 194 F.2d 777 (5th Cir.).

### II.

Applying this rule of construction to Note 1, in Item 923, it becomes clear that for the minimum 1000 lb. rate to apply these conditions must exist, to-wit:

The traffic must (1) move from origin to destination via one or a combination of the carriers named, and (2) under rates named in tariffs made subject to the Rocky Mountain Tariff.

The first condition is clearly met as the parties have stipulated that all of the carriers in the route movement are listed in Note 1.

The second condition is not as easily disposed of. Does Note 1 mean that so long as a portion of the route was subject to Rocky Mountain Tariffs that this condition is satisfied? Or, on the other hand, does this mean that the Rocky Mountain Tariff must be applicable to the entire route before an exception is applicable under Note 1?

We think this second proposition is the correct and logical one. Note 1 requires the utilization of listed carriers from origin to destination. It is just as logical to also hold that Note 1 requires Rocky Mountain Tariffs to be in effect from origin to destination. This interpretation makes Note 1 clear and unambiguous and consistent with all of its terms.

### III.

Destination means Earle, New Jersey in this case as it was the ultimate point of unloading under the holding of McLean Trucking Company, Inc. v. United States, 387 F.2d 657, 171 Ct.Cl. 170 (United States Court of Claims).

■ As the Rocky Mountain Tariff was not applicable on the portion of the route from Colt's Neck, New Jersey to Earle, New Jersey (the "destination"), the case now before this Court does not have the facts necessary to fulfill the second condition, and therefore the Note 1 exception is not applicable and a 7500 lb. minimum rate will be used from origin to Colt's Neck, New Jersey.

### IV.

In accordance with stipulation 6, judgment will be entered in favor of plaintiff against defendant in the amount of $3,511.95, together with interest.

### V.

In Civil Action No. 5–519, T.I.M.E. Freight, Inc. v. United States, it was stipulated that the decision in this case would control on Items 1 and 4 in Cause No. 5–519; and it was further stipulat-

ed in Cause No. 5–520, by and between the same parties, that all issues would be controlled by the decision in this Cause No. 5–486. Accordingly, it is ordered that this opinion be and is hereby made applicable to Items 1 and 4 in Cause No. 5–519 and as to all issues in Cause No. 5–520.

See also D.C., 302 F.Supp. 579, D.C. 302 F.Supp. 581.